WM. THOMPSON, plaintiff in error, *vs.* THE CENTRAL RAILROAD AND BANKING COMPANY, defendant in error.

1. It is incumbent upon the plaintiff in error to have forwarded to the clerk of this court, in the manner prescribed by the statute, under the certificate of the clerk of the court below, a true and complete transcript of the record of the case. If material portions of such record be wanting, the dismissal of the writ of error will not be prevented by the fact that such absent parts are fully set forth in the bill of exceptions. The certificate of the judge can no more authenticate a portion of the record, than can the certificate of the clerk a portion of the bill of exceptions.—(R.)

2. A suggestion of the diminution of the record must be made on or before the calling of the case on the docket for a hearing. Such suggestion will not be allowed after the abstract has been read and the argument progressed, even though the attention of counsel for the plaintiff in error be then called, for the first time, to the defect.—(R.)

3. Where counsel suggests the death of plaintiff in error, and moves an order making his temporary administrator a party, and such motion is resisted upon the ground that the action abated on the death of the plaintiff, the question as to the right of a temporary administrator to be made a party being waived, and the court directs that the question, as to the abatement of the suit, be argued with the main case, and that the clerk should not enter the order until the preliminary question be determined, upon the attention of counsel being called to the fact that material portions of the record were wanting, thus necessitating a dismissal of the writ of error, he will be allowed to withdraw such motion to make parties, and the case will be continued.—(R.)

Record. Practice in the Supreme Court. January Term, 1877.

Thompson brought case against the Central Railroad and Banking Company for damages on account of a personal injury sustained by him. A verdict was returned in his favor, and a final judgment entered. Defendant moved for a new trial upon various grounds. The motion was sustained, and a new trial ordered. To this judgment plaintiff excepted. After the bill of exceptions was certified, he died. When the case was called in this court, counsel for his estate suggested his death, and moved to make

his temporary administrator a party.   This motion was resisted on the ground, that on the death of the plaintiff, the action abated.   The question as to the right of his *temporary* administrator to be made a party being expressly waived, counsel for plaintiff asked that he be allowed to argue the question as to the abatement of the suit, with the main case.   The court directed that the argument take this course, and instructed the clerk not to enter the proposed order on the minutes until the preliminary question be determined.

Counsel for plaintiff read his abstract, and had proceeded for some few minutes with his argument, when counsel for defendant called attention to the fact that the record, as certified by the clerk, contained neither a motion for a new trial, nor an order sustaining the same.   Upon the court's stating that the writ of error would have to be dismissed, counsel for plaintiff showed that the missing portions of the record were set forth in full in the bill of exceptions. Upon this point the court ruled as set forth in the first head-note.   Counsel for plaintiff suggested a diminution of the record.   It was replied that he was too late.

The court ruled as set forth in the second head-note.

Counsel for plaintiff then asked to withdraw his motion to make parties.   Counsel for defendant objected, upon the ground that the only resistance to the administrator being made a party, was based upon the ground that the suit had abated; that if the court so held, the writ of error would be dismissed; that if the court held to the contrary, the same result would follow on account of the defects in the record: that the order making parties had in fact been taken, subject to his objection.   The court allowed the motion to be withdrawn, and continued the case.

MELDRIM & ADAMS, by A. P. ADAMS, for plaintiff in error.

JACKSON, LAWTON & BASINGER, for defendant.